```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 3 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ANNAL MANAGEMENT CO., LTD.,

                Plaintiff,

      -against-

TRAVELERS EXCESS AND SURPLUS LINES
COMPANY,

                Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 1450 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Annal Management Co., Ltd. brings this action against Travelers Excess and Surplus Lines Company for breach of contract, alleging that Defendant refuses to pay certain expenses in violation of Plaintiff's insurance policy. (Notice of Removal, Ex. A ("Compl."), ECF No. 1 at 7–11.) Before this Court are the parties' cross-motions for summary judgment. (*See* Def.'s Notice of Mot. for Summ. J. Pursuant to F.R.C.P. 56, ECF No. 20; Pl.'s Notice of Mot. for Summ. J., ECF No. 21; *see also* Decl. of Raffi Momjian in Supp. of Mot. for Summ. J. ("Momjian Decl."), ECF No. 22.)[1] Defendant's motion for summary judgment is DENIED. Plaintiff's motion for summary judgment is GRANTED.

### I.    FACTUAL BACKGROUND

Plaintiff was the owner of a multi-story residential apartment building. (Pl.'s Undisputed Statement of Material Facts[2] ("Pl.'s SOF") ¶ 1; Def.'s Statement of Material Facts Pursuant to

---

[1] Despite Plaintiffs seemingly incidental filing of two separate documents listed as Plaintiff's motion for summary judgment, they refer to the same motion. As such, this Court treats them as a single motion.

[2] Plaintiff's Undisputed Statement of Facts is found within its memorandum in support of its motion for summary judgment. All citations to this document throughout this Court's decision should therefore be understood as a citation to pages 2–4 within Plaintiff's memorandum in support. (*See* Pl.'s Brief in Supp. of Mot. for Summ. J. ("Pl.'s Mem in Supp."), ECF No. 23 at 2–4.)

1

Local Rule 56.1(A) in Supp. of Travelers' Mot. for Summ. J. ("Def.'s SOF"), ECF No. 20-2, ¶ 1.) Defendant issued an insurance policy to Plaintiff, which covered the period of February 25, 2017 through February 25, 2018. (Pl.'s SOF ¶ 3; Def.'s SOF ¶ 1.) Pursuant to the policy, the maximum liability for a single occurrence was 110% of the building's value. (Pl.'s SOF ¶ 8; Def.'s SOF ¶ 3.) The policy also provided that in certain circumstances, Defendant may provide an additional limit of up to $500,000.00 for "Debris Removal." (Pl.'s SOF ¶ 9; Def.'s SOF ¶ 5.) The policy's "Debris Removal" section provided, in part, "[Defendant] will pay the necessary and reasonable expenses incurred by [Plaintiff] to remove debris of Covered Property, other than 'Outdoor Property,' caused by or resulting from a Covered Cause of Loss that occurs during the policy period." (Def.'s SOF ¶ 4.) The additional "Debris Removal" insurance coverage "is triggered if the 'sum of direct physical loss or damage and debris removal expense exceeds the Limit of Insurance.'" (Pl.'s SOF ¶ 9 (quoting Momjian Decl., Ex. 3 (Travelers Excess and Surplus Lines Company Policy (the "Policy")), ECF No. 22-3, at MS C1 00 08 07, 4–5).)

On December 28, 2017, a fire caused damage to part—but not all—of Plaintiff's property. (Pl.'s SOF ¶¶ 4–5; Def.'s SOF ¶ 6.) Defendant paid Plaintiff the full policy limit for covered physical loss or damage to the building. (Pl.'s SOF ¶ 10; Def.'s SOF ¶ 7.) Plaintiff also paid Plaintiff a total of $338,961.17 for debris removal, which consisted of "the costs to cart away and dispose of material that had been removed and/or dismantled from the building at the Property as well as the cost of dumpsters and supervisory labor." (Def.'s SOF ¶ 8–9.)

Plaintiff alleges that "[Defendant] refused to pay for the costs to dismantle or tear off debris still attached to the building at the Property." (Pl.'s SOF ¶ 13.) Specifically, Plaintiff alleges that it is entitled to the remaining balance of $161,038.83 under the "Debris Removal" section of the policy because it was necessary "to tear off and dismantle the debris still attached to the fire-

2

damaged building." (Pl.'s SOF ¶¶ 14–15.) Defendant admits that "demolition was necessary in order to remove the debris from the site." (Resp. to Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1(A) in Opp'n to Pl.'s Mot. for Summ. J., ECF No. 30-1 ¶ 14.)

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 248).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (internal citations omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS GRANTED AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED

Neither party disputes the facts of the case, and instead both argue about how a trier of fact should interpret the terms of the Policy as they pertain to this case. The only dispute before this Court, therefore, is whether the dismantling of Plaintiff's building after it was destroyed constitutes "Debris Removal" under the Policy.[3] Under New York law, when interpreting insurance policies, a court must "give effect to the intent of the parties as expressed in the clear language of their contract." *Ment Bros. Iron Works Co., Inc. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 122 (2d Cir. 2012); *see also Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d 89, 98–99 (2d Cir. 2012) (holding that under New York law, courts are to apply the general rules of contract interpretation). Summary judgment is appropriate when interpreting an insurance policy if the terms of the policy are unambiguous. *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992).

---

[3] Defendant argues that Plaintiff has changed the context of the issue—*i.e.*, that Plaintiff is arguing that Defendant does not want to pay out the full limit of the policy. (*See* Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Summ. J., ECF No. 30 at 3.) Indeed, Defendant asserts that while it *would* pay up to the full limit of the policy, the relevant costs are not actually covered within the Policy's terms. (*Id.*) Defendant argues that this makes a difference because it changes the burdens of proof that the parties carry—*i.e.*, "the insured carries the burden of proving that its claim 'fits' within the policy terms," and "only if the insured meets this burden does the burden shift to the insurer to establish that a clear and unmistakable exclusion precludes coverage under the policy for the insured's loss." (*Id.* at 4.) Defendant therefore argues that "Plaintiff here bears the burden of establishing that the costs for which it seeks reimbursement . . . all fall within the scope of the Debris Removal provisions of the Policy." (*Id.*) Plaintiff could not possibly demonstrate that this fits within the Policy without the parties—or this Court—first analyzing what the terms of the Policy mean.

4

The language of clear and plain terms in a contract "do[] not become ambiguous merely because the parties urge different interpretations in the litigation." *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010) (collecting cases). Indeed, a court still must identify the *reasonable interpretation* of a term. *Id.* "An interpretation is not reasonable if it strains the policy language 'beyond its reasonable and ordinary meaning.'" *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 170 F.Supp.3d 634, 643 (S.D.N.Y. 2013) (quoting *Law Debenture Tr. Co. of N.Y.*, 595 F.3d at 467). Here, the terms of the Policy—while somewhat vague—are not ambiguous. A commonsense interpretation of the Policy's terms clearly leads to the conclusion that the dismantling of the destroyed building constitutes "Debris Removal."

The policy does not define the words "debris" or "removal." Plaintiff argues that "when an insurer fails to define a term in the policy, the insurer cannot take the position that there should be a narrow, restrictive interpretation of the coverage provided." (Pl.'s Mem in Supp. at 13.) Plaintiff also correctly argues that "New York laws governing the rules of contract interpretation . . . stipulate that insuring agreements are to be accorded a broad and liberal construction." (*Id.* at 18.) Plaintiff therefore asserts that this Court should consider the commonsense definition of each term. (*Id.* at 12–13.) Indeed, while considering the parties' competing arguments, Plaintiff's understanding of the terms of the Policy is more aligned with a commonsense interpretation, and Defendant strains what is commonly understood by the words "Debris" and "Removal." For example, Defendant argues that "the costs to physically detach material from the building constitute "demolition costs" rather than debris removal, and, therefore, cannot be included or paid for under the separate additional sublimit for Debris Removal." (Def.'s Mem. of Law in Supp. of its Mot. for Summ. J. ("Def.'s Mem. in Supp."), ECF No. at 6.) Plaintiff correctly notes, however, that under Defendant's interpretation of the Policy's "Debris Removal"

5

clause, the section would cover only the expenses relating to removing items that are not attached to the building. (Pl.'s Mem in Supp. at 6–7.) Defendant's interpretation does not follow logically from the language of the Policy, particularly when considering that there is no such limiting language in the Policy, despite the Policy's limiting language and clauses elsewhere. (*See, e.g.*, *id.* at 8–9.)

Plaintiff argues that dismantling of an object and "Debris Removal" are largely related, as the two often cover a "single, inseparable process since there can be no debris removal without dismantling, tear-off or demolition." (*Id.* at 7–8.) Indeed, it logically follows that the "necessary and reasonable" clause of the "Debris Removal" section addresses the fact that often, as Plaintiff alleges, debris "cannot be removed or gotten rid of without the expense of first extracting it from the building" and that this must "include[] both the labor and equipment necessary to tear off and dismantle the debris still connected to or hanging from or off the building." (*Id.* at 9–10.) Therefore, Plaintiff asserts, "Debris Removal" "must include, by necessity, tearing off or dismantling debris to extract it from a building to which it is still attached" because "[w]ithout first tearing off or dismantling the debris, it cannot be 'removed' . . . from the loss site." (*Id.* at 14.)

Defendant argued during oral argument that the interpretation Plaintiff suggests would severely affect the coverage that it believes it should afford. This, however, is not a reason to misinterpret the fair and logical understanding that follows a reading of the precise terms of the Policy. Indeed, Plaintiff is not parsing words of the Policy, but is instead applying a fair and reasonable interpretation of the phrases. Defendant can choose to update the language of the Policy, including by explicitly defining the phrase "Debris Removal." Defendant, as the insurer, had the obligation to clarify the terms of the policy, when the commonsense understanding of the clauses differs from what it allegedly intended.

Finally, the parties dispute whether the District of New Jersey's analysis and holding in *Zurich American Ins. Co. v. Keating Building Corp.*, 513 F.Supp.2d 55 (D.N.J. 2007), and its progeny,[4] apply to this case. (*See* Def.'s Mem. in Supp. at 6–13; Pl.'s Mem in Supp. at 19–24.) Although the *Keating* case relates to a similar set of facts, Plaintiff asserts that it is inapplicable here. (*See* Pl.'s Mem in Supp. at 19–24.) Indeed, Plaintiff argues that the *Keating* court misapplied New Jersey law by finding that the insurance policy was "subject to a narrow, restrictive interpretation" instead of "a broad and liberal interpretation under [the] well-settled principles of insurance construction." (*Id.* at 20.) This, Plaintiff argues, is especially clear when considering that the court cited the principle that "undefined terms in a policy must be determined in accordance with 'the ordinary meaning of the language of the policy,'" but did not look up the dictionary terms or consider the common understanding of what these terms would mean. As Plaintiff correctly notes, despite the fact that the parties in that case provided support for the argument that certain dismantling of damaged and unusable items should constitute "Debris Removal," the *Keating* court held that "[b]ecause none of these precedents are binding authority on this court, [it would] not consider any of them." (*Id.* at 21 (quoting *Keating*, 513 F.Supp.2d at 63 n. 7).) The same logic applies here—there is no reason for this Court to disregard the common understanding of certain terms, simply because a court in another jurisdiction interpreted similar language in another way. Additionally, Plaintiff points out that the court in *Keating* did not consider the word "Removal" when considering what would fall under the "Debris Removal"

---

[4] Defendant also refers to a case within this Circuit that it alleges "comports with [its] position." (*See* Def.'s Mem. in Supp. at 11–13 (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, No. 10 Civ. 153 (JPO), 2013 WL 1195277 (S.D.N.Y. Mar. 25, 2013)).) Defendant notes that while the court in that case "did not have to reach the issue of whether [certain coverage] was afforded under the section (a) 'debris removal' provision," it stated, in *dicta*, that certain items should be considered "debris." (*Id.* at 12 (quoting *Fireman's Fund Ins. Co.*, 2013 WL 1195277, at *7).) Defendant attempts to demonstrate the similarities of that case to the instant case, including by improperly assuming that the court in *Fireman's Fund Ins. Co.* engaged in certain analyses that would support Defendant's current conclusion. (*See id.* at 12–13.) Defendant is incorrect and presumptuous in summarily asserting that "the findings of the [c]ourt in that case can only be reasonably viewed to support [its] position in this matter." (*Id.* at 13.)

7

clause, (*id.* at 21–22), which changes the relevant analysis. It seems clear that when considering the terms "Necessary," "Debris," and "Removal" together, according to their common meanings, and even based on the dictionary definitions as provided by Plaintiff, (*see, e.g., id.* at 9–10, 13–14), the dismantling of unusable and damaged material would constitute the "Removal" of "Debris." This Court therefore declines to follow the *Keating* case's determination.

## IV. CONCLUSION

Defendant's motion for summary judgment, (ECF No. 20), is DENIED. Plaintiff's motion for summary judgment, (ECF Nos. 21, 22), is GRANTED. The Clerk of Court is directed to close these motions accordingly.

Dated: September 23, 2020
      New York, New York

                                                                 SO ORDERED.

                                                                 *George B. Daniels*
                                                              GEORGE B. DANIELS
                                                              United States District Judge